THE STATE ex rel. WITMER et al. v. CONRAD et al., Judges of County Court, Appellants.

**Division One, February 15, 1899.**

1. **County Court:** PETITION TO BUILD JAIL: DESIGNATING TIME OF ELECTION. A county court is not justified in failing to order an election to increase the county debt for the purpose of building a county jail, simply because the petition to the court designates the time within which the petitioners wish the election to be held. Such request does not divest the court of its authority to fix the time.

2. ———: ———: MINISTERIAL DISCRETION. The discretion of the court to fix the time for such election, is purely ministerial. And when the court in the exercise of its jurisdictional functions, has found that all the jurisdictional facts are set out in the petition and those facts have been made to appear, it can not withhold its ministerial discretion.

3. ———: ———: PRACTICE: DEMURRER: ADMISSION: PRESUMPTION. In a proceeding by mandamus to compel the county court to order an election to increase the county debt for the purpose of building a jail, the county court, by demurring to the alternative writ on the ground that it does not state a cause of action, admits the facts therein set out, namely, "that the petitioners before the county court were qualified voters of the county and taxpayers therein," and it can not nullify that admission by invoking the presumption that the court did its duty and acted correctly in making an order refusing to order the election, and that it must be inferred from that order, as a part of such presumption, that the court thereby found that the petitioners were not qualified voters. In the face of such demurrer, no such presumption can be invoked.

*Appeal from Bollinger Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

J. W. CALDWELL and MOSES WHYBARK for appellants.

(1) The petitioners not only asked for the special election to vote on the proposition to incur an indebtedness to build a jail, but in addition thereto "that said election be

called within the year 1895, and as soon from the adjournment of this term of your honorable court as your honorable body deems most prudent." This petition did not conform to the statute, and the court was not bound to order the election sought by the petitioners. R. S. 1889, secs. 852 and 853. The court acted on the whole petition, as presented by the petitioners, and not on any particular part of it; in this they did what the petitioners asked them to do. State ex rel. v. Williams, 99 Mo. 291; State ex rel. v. Newman, 91 Mo. 445; State ex rel. v. Albin, 44 Mo. 346. If mandamus is the remedy in a case like this, then relators could only have a clear right to it by rejecting that portion of the petition requesting the election to be held in 1895. State ex rel. v. Railroad, 77 Mo. 143. (2) The question whether the one hundred petitioners were taxpayers and qualified voters was one necessary to be proved by the introduction of evidence, and on which an issue could be raised calling for judicial investigation and decision. It was therefore a judicial question, and mandamus is not the remedy of the relators. Miltenberger v. St. Louis Co. Court, 50 Mo. 173; In re Saline County Subscription, 45 Mo. 52; 4 Ency. of Plead. and Prac., pp. 74-86. The petitioners judge of the necessity of the election, but the court decides whether the petitioners possess the qualifications required by law. Gaston v. Lamkin, 115 Mo. 20; R. S. 1889, sec. 852. (3) Even though the relators could maintain the remedy they seek in this case, yet the statute contemplates that the petition of the one hundred petitioners presented to the county court be so framed as to deprive the court of discretion. This was not the case here; the petitioners not only asked the court to order the election, but that it be ordered in 1895. This was clearly addressed to the discretion of the court, and the court exercised its discretion on that petition by refusing to order "an election as prayed for in said petition." Mandamus will not lie to control a discretion of

an inferior tribunal. State ex rel. v. Gregory, 83 Mo. 136; Schuster v. Weiss, 114 Mo. 173. (4) The alternative writ of mandamus sets out the petition and the orders of the court literally as they appear on file and on the record in the county court. The order of the county court denying the election fails to find that the one hundred petitioners were qualified voters of the county, but only finds them to be taxpayers. From the silence of the record on this jurisdictional question the presumption is that the court found them not to be qualified voters. The presumption is that the court did its duty and acted correctly. State ex rel. v. Williams, 99 Mo. 302. And its judgment can not be attacked in this collateral proceeding by mandamus. State ex rel. v. Young, 84 Mo. 90; Snoddy v. Pettis Co., 45 Mo. 361; State ex rel. v. Ross, 118 Mo. 23; State v. Evans, 83 Mo. 319; Leonard v. Sparks, 117 Mo. 103; Maupin v. Franklin Co., 67 Mo. 327.

WILLIAM M. MORGAN for respondents.

(1) Section 852 is mandatory, and upon the presentation of the required petition the duty of the court to order the election is neither judicial nor discretionary, but ministerial and mandamus will lie to compel its performance. The demurrer admits the allegations of the alternative writ. R. S. 1889, secs. 852, 853; State ex rel. v. Meyers, 80 Mo. 601; State ex rel. v. Laughlin, 75 Mo. 358; Castello v. St. Louis Circuit Court, 28 Mo. 259; Ex parte, Cox, 10 Mo. 742; State ex rel. v. Knight, 46 Mo. 83; State ex rel. v. Wofford, 121 Mo. 61; State ex rel. v. Lafayette Co. Court, 41 Mo. 221; State ex rel. v. Howard Co. Court, 41 Mo. 247; State ex rel. v. Byers, 67 Mo. 706; High's Extraordinary Legal Remedies [1 Ed.], sec. 80. (2) The petition to the county court conformed to the statute. The fact that the petitioners not only asked the county court to order the election, but in addition thereto asked "that said election be called within the year 1895, and as soon from the adjournment of this

term of your honorable court as your honorable body deems most prudent," can not relieve the county court from the duty of ordering the election. This was only an indication as to when the petitioners desired the election to be held, which they had a right to do, without affecting their right to have the court order the election. The petition could not be so framed as to take from the county court their discretion as to when the election should be held. (3) The county court will not be allowed to admit the facts by their demurrer and then shield themselves from their legal duty by hiding behind their own record, which does not disclose what was the adjudication of the court upon that branch of their duty which is judicial. If the petitioners were not qualified, or if for any reason the petition was insufficient when presented the appellants should have pleaded such insufficiency in their return to the alternative writ.

ROBINSON, J.—At the September term of the Bollinger circuit court the appellees, as relators, filed therein a petition against appellants who were the then judges of the county court of Bollinger county, praying that an alternative writ of mandamus issue compelling them to order a special election for the purpose of authorizing the incurring an indebtedness of $5,000, against the county, in excess of the ordinary income and revenues authorized to be levied by law, and to issue bonds for said indebtedness.

An alternative writ was duly issued thereon, to which respondents appeared and filed a demurrer alleging as grounds therefor that the allegations therein contained were insufficient in law to entitle the relators to maintain the proceeding and that the writ did not state facts sufficient to constitute a cause of action against them. This demurrer was overruled by the court and the appellants declining to plead further, the court rendered final judgment ordering its peremptory writ to issue, and respondents appealed.

The petition of relators stated, "that they are now and were on the 12th day of August, 1895, and for many years prior thereto qualified voters of said county of Bollinger and State of Missouri and taxpayers therein; that it became and was on the said 12th day of August, 1895, and has ever since continuously been and is now necessary for said Bollinger county to incur an indebtedness in the sum of $5,000 for the purpose of building a jail therein, in excess of the total revenue of such county provided for any one year as limited by law; that they with more than 100 others (whose names are set out in the petition), all of whom are now and were on the said 12th day of August, 1895 and for many years prior thereto qualified voters of said county of Bollinger and taxpayers therein, did sign and presented a written application and petition to said county court in the following words and figures:

" 'To the Honorable County Court of Bollinger County, Mo., at the August term, 1895, Greeting:

" 'We, your honorable petitioners, being *qualified voters* and *taxpayers* of said County of Bollinger, do most respectfully petition your honorable body that, as Bollinger county is without and greatly in need of a county jail, your honorable body do order a special election, as authorized by section 852 of Revised Statutes of Missouri, for the purpose of incurring an indebtedness of five thousand dollars, for the purpose of building a jail in said county of Bollinger. Said indebtedness to be incurred by the issuance of bonds to the said amount of five thousand dollars, and that said election be called within the year 1895, and as soon from the adjournment of this term of your honorable court as your honorable body deems most prudent; and to this end we do ever pray.'

"That the county court on the 16th day of August, 1895, made an order that said petition be filed and that the hearing in the cause be continued until the first Monday in

September, 1895; that the county court well knowing all the facts heretofore set out to be true, actuated by an unlawful intention and determination arbitrarily attempted to prevent said petitioners from holding said election to authorize the incurring of said indebtedness against said county, on said 2nd day of September, 1895, arbitrarily, willfully and illegally made, adopted and caused to be entered in the minutes of said county court and signed same, the following order, to wit:

" 'In the matter of the petition for a special election for building a jail.   Whereas, a petition was filed with this court on the 16th day of August, at the regular session, containing the names of more than *one hundred taxpayers* of Bollinger county, Mo., praying the court to order a special election for the purpose of incurring an indebtedness of five thousand dollars for the purpose of building a jail in said county of Bollinger, and whereas, said application was continued to this 2d day of September, 1895.   Now therefore the court, after having had due consideration of the matter, refuses to order an election as prayed for in said petition.' "

Which order, so entered on the minutes of said court, it is further alleged in the petition for the alternative writ of mandamus, has not yet been spread upon the record of said county court, and which two orders as above set out are all the orders made by said county court in the premises; that said county court on said first Monday in September aforesaid, then made the further order adjourning said court until its regular November term, 1895, "and still unlawfully and arbitrarily fails and refuses to order said election for said purposes aforesaid, and that your petitioners are remediless in the premises by or through the ordinary process or proceedings at law, wherefore this writ is prayed."

Was the demurrer to the alternative writ predicated upon the facts of relators' petition as above set out, properly overruled?   Appellants contend, first, that as the alternative

writ, set out the petition filed by the relators and others with the county court asking for a special election showed that the petitioners therein asked, not only for the special election to vote on the proposition to incur an indebtedness to build a jail, but in addition thereto, *"that said election be called within the year 1895,"* the petition did not conform to the statute and the county court was not bound to order the election sought by them for that reason, therefore, was justified in refusing to order said election; that as the time for calling the election is clearly a matter within the discretion of the county court, in the exercise of that discretion, it could as it did, refuse to order *"an election as prayed for in said petition."* And, second, that as the alternative writ further set out the order of the county court on said petition filed with it, and that as said order failed to recite that the one hundred petitioners were qualified voters of said Bollinger county, but only found them to be taxpayers, the presumption to be indulged therefrom, is that the county court found the petitioners not to be qualified voters, and that the finding of the county court on that jurisdictional fact is final and can not be questioned in this collateral proceeding by mandamus.

Though it is true as asserted in appellants' first contention, that the time for calling an election as provided for under section 852, *supra,* is vested in the county court, it by no means follows that because the petitioners designate a time within which they desire an election to be held as prayed for in their petition filed with the county court (for such election), the county court could make that an excuse for failing to order an election that otherwise should have been ordered.

That request or suggestion in relators' petition neither served to divest the county court of its authority to fix the time when the election should be held, nor did it furnish a legal justification for the court's action in absolutely refusing

to call an election, made imperative by said action when the requisite number of qualified voters and taxpayers petition for same. It is not the suggestion of the petition without the range of the statute, but the request and prayer thereof within the compass of the law, upon which the court must make its final order.

The petition could not have been so framed as to have taken from the county court their discretion as to when the election should be held, nor to have relieved the court from the duty of ordering an election, if the petition stated the requisite jurisdictional facts, and was signed by the requisite number of petitioners.

Nor does the right in the judges of the county court to fix and name the time for the calling of an election under section 852, *supra,* imply the right to refuse arbitrarily to fix or name any date whatever, and thus by refusal defeat an election, that should have been called.

That discretion is purely ministerial, and when the jurisdictional facts in the petition have been set out and made to appear, and upon which the court has exercised its judicial functions, it can not withhold the exercise of a ministerial discretion to defeat its judicial finding.

High in his work on Extraordinary Legal Remedies, section 327, thus states the rule and the manner of enforcing obedience thereof: "Whenever the law vests in boards of supervisors, or inferior courts acting under statutory powers, certain prescribed duties which in their character are partly judicial and partly ministerial, if such tribunal have gone forward, in any given case involving the rights of the citizen and fully performed the judicial part, the law imposes upon them an obligation to perform the ministerial part, if they refuse to do so, whether through malice, caprice or an honest mistake of the law, if there is no other mode of relief for the party injured prescribed by law, mandamus will lie to coerce the performance of the ministerial part." The

rule, as thus announced, disposes of appellant's first contention.

Is, then, appellant's second contention under the pleadings in this case, availing to them?

They filed no denial to any of the allegations of facts set out in the alternative writ, but instead, a demurrer thereto on the grounds "that the writ and the matters and things therein contained, state no facts constituting a cause of action against them." The appellant will not be allowed to admit by demurrer, the facts set out in the alternative writ, *"that the petitioners before the county court were qualified voters of Bollinger county and taxpayers therein,"* and then be permitted to overturn the force of that admission by invoking the presumption that the court did its duty and acted correctly when it made the order, as same is set out and made to appear in the alternative writ, and that from the order as made it must be inferred that the county court did not find the petitioners to-be qualified voters of the county.

If it be conceded that the presumption, in the absence of anything to the contrary, is to be indulged that the county court did its duty in making the order appearing upon its record, and if we take a step further with the appellant and agree that in the absence of anything to the contrary, as the order of the county court set out in the alternative writ fails to find that the one hundred and more petitioners signing the petition presented to the court.were qualified voters of Bollinger county, but only found them to be taxpayers therein, the presumption to be indulged therefrom, is that the court found the petitioners were not qualified voters of said county, still in the face of the admission of the demurrer these presumptions count for naught.

Draw from the order of the county court whatever inference you may, indulge in its favor every presumption.

that can arise upon its face, none are so conclusive as to shield it from the attack made by this direct proceeding charging that it was unlawfully, willfully, maliciously made without warrant of fact or law.    The presumption to be indulged in favor of the validity and correctness of an order of the county court appearing of record and all the legitimate inferences that may be drawn from the recitations therein, are no answer to the allegation of the writ *that the petitioners who signed and presented this petition to the court were legally qualified voters and taxpayers of said Bollinger county,* and that the court well knowing these facts and for the purpose of preventing the holding of the election so sought, willfully, knowingly, arbitrarily, and illegally, made its order of record refusing to call same.

If these allegations are not true (as they are admitted to be for the sake of the determination of the demurrer filed by appellants), if the petitioners were not qualified voters of Bollinger county, or if for any reason the petition was insufficient when presented to the county court appellants should have pleaded such insufficiency, in their return to the alternative writ, but failing so to do, and standing alone upon the demurrer that admits the truthfulness of the averments of the writ, the judgment of the court awarding the peremptory writ must be held proper, and will be affirmed.

All concur.